1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHASE MATTHEW LENTZ,                    No.  2:21-cv-0071 JAM DB PS

12                Plaintiff,

13          v.                                ORDER

14    DAVID BERNHARDT, Secretary of the
      Interior,
15

16                Defendant.

17

18          Plaintiff Chase Matthew Lentz is proceeding in this action pro se.  This matter was

19    referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20    A Status (Pretrial Scheduling) Conference is set before the undersigned on August 27, 2021.

21    (ECF No. 11.)

22          Review of the parties' briefing, however, finds that plaintiff resides in Fresno, County.

23    (ECF No. 12 at 5.)  Defendant is the Secretary of the Interior, located in Washington, D.C.  (ECF

24    No. 13 at 1.)  The events at issue concerns allegations of employment discrimination while

25    plaintiff was employed as a botanist at the Department of the Interior Bureau of Land

26    Management in the Redding Field Office in Redding, CA.  (ECF No. 1 at 8.)  Specifically, the

27    complaint identifies several employees at the Redding Field Office who engaged in the allegedly

28    wrongful conduct.  (Id. at 10.)

                                                1

1   "A transfer of venue for the convenience of the parties and in the interest of justice may be

2   made upon motion by either of the parties or by the court sua sponte." Clisham Management,

3   Inc. v. American Steel Bldg. Co., Inc., 792 F. Supp. 150, 157 (D. Conn. 1992).  "For the

4   convenience of parties and witnesses, in the interest of justice, a district court may transfer any

5   civil action to any other district or division where it might have been brought or to any district or

6   division to which all parties have consented."  28 U.S.C. § 1404(a).  In evaluating whether to

7   transfer an action the court weighs several factors, including: "(1) the location where the relevant

8   agreements were negotiated and executed, (2) the state that is most familiar with the governing

9   law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

10  contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

11  costs of litigation in the two forums, (7) the availability of compulsory process to compel

12  attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

13  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

14      Here, it appears that relevant witnesses will be located in and around Redding, CA.  That

15  the events at issue occurred in Redding, CA.  And that neither the parties nor the events at issue

16  have any connection to Sacramento, CA.  Thus, it appears that the appropriate factors weigh in

17  favor of transferring this action to the Redding division of this court.  The undersigned, however,

18  will provide the parties an opportunity to address this issue.

19      Accordingly, IT IS HEREBY ORDERED that:

20      1.  The August 27, 2021 Status (Pretrial Scheduling) Conference is continued to **Friday,**

21  **October 1, 2021, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento,

22  California, in Courtroom No. 27 before the undersigned; and

23      2.  On or before **September 17, 2021**, any party may file a brief addressing whether this

24  matter should be transferred to the Redding division of this court.

25  Dated:  August 23, 2021

26

27  DLB:6
    DB/orders/orders.pro se/lentz0071.transfer.resp.ord

28                              DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28