UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE MATTHEW LENTZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID BERNHARDT,<br><br>        Defendant. | No. 2:21-cv-00071-DAD-DB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 22, 27, 34) |

Plaintiff Chase Matthew Lentz, proceeding *pro se*, initiated this civil action on January 14, 2021. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 21, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment (Doc. No. 22) be granted and that defendant's motion to strike plaintiff's surreply (Doc. No. 27) be denied as having been rendered moot. (Doc. No. 34.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 16.) On December 29, 2022, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 35.) Defendant did not file a response thereto or objections of his own.

/////

1    In his objections, plaintiff argues that the magistrate judge improperly weighed the
2    evidence and assessed credibility, rather than believing his evidence and drawing all inferences
3    from that evidence in his favor. (*Id.* at 1–2.) The undersigned has reviewed the evidence before
4    the court on summary judgment and finds that the magistrate judge properly considered the
5    evidence submitted by the parties. It was not improper for the magistrate judge to note that, in
6    certain instances, plaintiff did not submit any evidence to support his conclusory statements; nor
7    was it improper for the magistrate judge to note that defendant's factual assertions were supported
8    not only by declarations from witnesses, but also by documentary evidence that substantiated the
9    declarant's statements.

10   Plaintiff also objects to the magistrate judge's finding that he had failed to exhaust his
11   administrative remedies as to his failure-to-promote, disability discrimination, and poor reference
12   claims. (*Id.* at 3–5.) However, plaintiff only addresses the failure-to-promote claim specifically,
13   citing to evidence that he submitted with his opposition to the pending motion for summary
14   judgment, and that evidence was already properly considered by the magistrate judge and found
15   to be insufficient to create a genuine issue of disputed material fact as to whether plaintiff had
16   exhausted those claims with the Equal Employment Opportunity Commission ("EEOC") as
17   required.

18   Next, plaintiff objects to the magistrate judge having considered the declarations
19   submitted by defendant in support of his motion for summary judgment, arguing that such
20   declarations constitute hearsay and are thus inadmissible evidence. (*Id.* at 5–6.). Plaintiff's
21   objection in this regard is not well taken, however, because "[a]t the summary judgment stage,
22   [courts] do not focus on the admissibility of the evidence's form," courts "instead focus on the
23   admissibility of its contents." *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003)
24   (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). To the extent
25   plaintiff objects on the basis that declarant Jennifer Mata lacked personal knowledge as to certain
26   statements made in her declarations (Doc. Nos. 22-7; 25-2), the undersigned has reviewed those
27   portions of the Mata declaration and finds plaintiff's objections to be unsupported. For example,
28   plaintiff contends that because declarant Mata was not a signatory to his FY 2011 Performance

2

Evaluation, declarant Mata improperly attached that evaluation as an exhibit to her declaration. (Doc. No. 35 at 5–6.)  However, declarant Mata does not purport to have been a signatory to that evaluation; rather, in her declaration, she declares that she looked into plaintiff's allegations that he had been denied a performance award for FY 2011, and she specifically looked at his FY 2011 Performance Evaluation, which showed his "Superior" performance rating.  (Doc. No. 22-7 at ¶ 109.)  In support of this factual statement, declarant Mata attached plaintiff's FY 2011 Performance Evaluation as an exhibit to her declaration to provide substantiating documentation. (*Id.*)  Plaintiff objects to this evidence solely on the basis that declarant Mata was not a signatory to the evaluation—plaintiff does not object on the grounds that this exhibit is not in fact his FY 2011 Performance Evaluation or that this exhibit is somehow not authentic.  As demonstrated in this example, plaintiff's objections regarding the inadmissibility of defendant's evidence lack merit.  Thus, the undersigned rejects plaintiff's argument that the magistrate judge considered inadmissible evidence in evaluating defendant's motion for summary judgment.

Finally, the undersigned is not persuaded by plaintiff's remaining objections (Doc. No. 35 at 8–12), which repeat arguments that plaintiff had raised in opposition to defendant's motion for summary judgment and which were properly addressed and rejected in the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on December 21, 2022 (Doc. No. 34) are adopted in full;
2. Defendant's motion for summary judgment (Doc. No. 22) is granted;
3. Defendant's motion to strike plaintiff's surreply (Doc. No. 27) is denied as having been rendered moot by this order;

/////

4. Judgment shall be entered in favor of defendant Bernhardt; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 8, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE