UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE MATTHEW LENTZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>DAVID BERNHARDT,<br><br>                    Defendant. | No.  2:21-cv-00071-DAD-DB PS<br><br>ORDER AWARDING DEFENDANT REDUCED COSTS<br><br>(Doc. No. 38) |

This matter is before the court on the bill of costs filed by defendant David Bernhardt on March 13, 2023.  (Doc. No. 25.)  Plaintiff filed objections to defendant's bill of costs on March 17, 2023, taking issue with several of the amounts requested by defendant.  (Doc. No. 41.)  Defendant filed his response on March 22, 2023.  (Doc. No. 43.)  For the reasons set forth below, defendant will be awarded a reduced award of costs in the amount of $3,500.

**BACKGROUND**

On January 14, 2021, plaintiff brought this employment discrimination action against defendant Bernhardt, the United States Secretary of the Interior.  (Doc. No. 1.)  In his complaint, plaintiff asserted causes of action pursuant to:  (1) Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*; (2) the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.*; (3) § 501 of the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*; and (4) § 505 of the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*  Defendant filed his answer on April 6, 2021.  (Doc. No. 8.)

1

On June 10, 2022, defendant filed a motion for summary judgment. (Doc. No. 22.) The assigned magistrate judge issued findings and recommendations on December 21, 2022 recommending that the motion for summary judgment be granted. (Doc. No. 34.) This court adopted those findings and recommendations in full over the objections of plaintiff and closed this case on March 9, 2023. (Doc. No. 36.) Defendant, as the prevailing party, submitted his bill of costs on March 13, 2023. (Doc. No. 38.) Plaintiff filed his objections to that bill of costs on March 17, 2023 (Doc. No. 41) and defendant filed his response thereto on March 22, 2023 (Doc. No. 43).[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292(f) govern the taxation of costs, other than attorney's fees, awarded to the prevailing party in a civil matter. The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider only those costs enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 provides that:

> A judge or clerk of the court may tax the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

---

[1] Plaintiff also filed a notice of appeal on March 17, 2023. (Doc. No. 39.) In a memorandum opinion filed June 21, 2024, the Ninth Circuit Court of Appeals affirmed the judgment. (Doc. No. 44.) On September 27, 2024, the Ninth Circuit issued its mandate. (Doc. No. 45.)

1   28 U.S.C. § 1920.  Federal Rule of Civil Procedure 54(d) establishes a presumption that costs will
2   be awarded to the prevailing party, but allows the court discretion to decide otherwise.  *Ass'n of*
3   *Mexican Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000).  When
4   considering whether to reduce an award of costs, district courts may consider such factors as "(1)
5   the substantial public importance of the case, (2) the closeness and difficulty of the issues in the
6   case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources,
7   and (5) the economic disparity between parties."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d
8   1236, 1247–48 (9th Cir. 2014).

## ANALYSIS

10   Plaintiff objects to the bill of costs first by arguing that the costs sought by defendant are
11  not authorized under § 1920 and Rule 54(d) and second by arguing that those costs should be
12  reduced as being inequitable.  (Doc. No. 41 at 2–3.)  The court evaluates these arguments in turn.

### A.     Whether the Costs are Authorized

14   Defendant seeks $9,695.65 in costs for fees for depositions and transcripts.  (Doc. No. 38
15  at 1.)  Plaintiff objects that his deposition was merely useful for discovery and is therefore not a
16  taxable item under Rule 54(d).  (Doc. No. 41 at 2.)  Specifically, plaintiff argues that his
17  deposition involved questions put to him by the defense that were duplicative of prior
18  investigations and inquiries that defendant was already aware of.  (*Id.* at 2.)
19   With respect to the purpose of plaintiff's deposition, plaintiff's objection is not persuasive.
20  Plaintiff is correct that depositions which are "merely useful for discovery" are not recoverable in
21  a bill of costs.  *Peterson v. Nevada Cnty., California*, No. 2:19-cv-00949-JAM-JDP, 2023 WL
22  7167779, at *2 (E.D. Cal. Oct. 31, 2023) (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322
23  F.2d 656, 678 (9th Cir. 1963)).  However, "the burden is on the losing party to demonstrate why
24  the costs should not be awarded."  *Id.* at *1 (quoting *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d
25  1361, 1364 (Fed. Cir. 2011)); *see also Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-cv-
26  00171-AWI-BAM, 2013 WL 56639, at *4 (E.D. Cal. Jan. 3, 2013) (finding that the burden of
27  showing that depositions were merely investigative in nature is on the non-prevailing party).
28  Here, defendant has represented that the depositions were reasonably necessary for purposes of

1 summary judgment and trial to "understand [plaintiff]'s claims and his potential trial testimony."

2 (Doc. No. 43 at 1.)  The court notes that defendant cited to the deposition of plaintiff in

3 defendant's motion for summary judgment.  (Doc. No. 22-3); *see Murphy v. Precision Castparts*

4 *Corp.*, No. 3:16-cv-00521-SB, 2021 WL 4524153, at *4–5 (D. Or. Oct. 4, 2021) (finding that

5 depositions which were cited in a summary judgment motion briefing were recoverable based on

6 defendants' representations); *Peterson*, 2023 WL 7167779, at *2 (noting that failing to cite

7 deposition transcripts in a motion for summary judgment was not sufficient to show they were not

8 necessarily obtained for use in the case).  Accordingly, the court concludes defendant is entitled

9 to seek $9,695.65 in costs for deposition and transcript fees.

10 Defendant also seeks $159.80 in costs for printing fees.  (Doc. No. 38 at 1.)  Such costs

11 are explicitly allowed under 28 U.S.C. § 1920.  *Jones v. Cnty. of Sacramento*, No. S-09-cv-1025-

12 DAD, 2011 WL 3584330, at *3 (E.D. Cal. Aug. 12, 2011).  Plaintiff objects that these costs could

13 have been avoided by emailing him the documents in question, while also noting that defendant's

14 papers had been filed electronically with the court.  (Doc. No. 41 at 2.)  Defendant argues that it

15 was necessary to print filings to ensure service of them on the *pro se* plaintiff.  (Doc. No. 43 at 2.)

16 Local Rule 135(b) states that, when a party is not registered for the court's CM/ECF system such

17 as *pro se* litigants, then they must be served in accordance with the appropriate Federal Rule of

18 Civil Procedure.  L.R. 135(b).  As the docket indicates, all electronically filed motions were

19 properly served on plaintiff by mail.  (*See, e.g.*, Doc. No. 22 Notice of Electronic Filing.)

20 Accordingly, defendant is also entitled to seek $159.80 in costs for printing fees.

21 **B.** **Discretion in Awarding Costs**

22 Alternatively, plaintiff argues that, even if the costs sought by defendant can be taxed

23 under § 1920 and Rule 54(d), the court should exercise its discretion to lower the amount awarded

24 for costs.  He contends that there is a potential chilling effect that may occur if the award of costs

25 in this case is too high.  *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (reaffirming

26 that a district court can deny an award of costs based on (1) the public importance of the

27 underlying case, (2) the closeness and difficulty of the issues in the case, (3) chilling effects on

28 future civil rights actions, (4) plaintiff's limited financial resources, and (5) the disparity in

4

1   financial resources between the plaintiff and defendant) (quoting *Escriba*, 743 F.3d at 1247–48).

2   The court recognizes that "virtually any litigant will suffer an economic disparity when compared

3   to the federal government[]" and therefore defendant's access to the courts would not be impaired

4   by denying an award of costs. *Taylor v. Pritzker*, No. 1:12-cv-1931-AWI-JLT, 2016 WL

5   8678557, at *2 (E.D. Cal. July 8, 2016) (citation omitted).  However, even relatively low cost

6   awards can risk a chilling effect when imposed on low-wage plaintiffs. *See Rivera v. NIBCO*,

7   701 F. Supp. 2d 1135, 1144–45 (E.D. Cal. 2010) (collecting cases discussing the size of cost

8   awards that did or did not risk chilling future litigation).  Plaintiff is a *pro se* litigant who has not

9   alleged his current financial status but has represented that he could pay a lower award of costs of

10  $2,500.  (Doc. No. 43 at 1, 3.)  On the other hand, the court's order granting summary judgment

11  in favor of defendant indicated that this was not a close case because it was clear plaintiff did not

12  exhaust his administrative remedies as to his failure-to-promote, disability discrimination, and

13  poor reference claims, and as to his other claims at times failed to submit any evidence to support

14  his conclusory statements.  (*See* Doc. No. 34 at 10, 11, 13.)  The court will "strike a balance

15  between avoiding a chilling effect on future civil rights litigants on the one hand and dis-

16  incentivizing the filing of cases that lack factual merit." *Vaughn v. Wegman*, No. 1:15-cv-01902-

17  LJO-JLT, 2019 WL 1283931, at *2 (E.D. Cal. Mar. 20, 2019).

18      Taking all of the above into account, the court finds that an award of costs in this case is

19  appropriate in the total amount of $3,500. *See Rivera*, 701 F. Supp. 2d at 1144–45.

20                                    **CONCLUSION**

21      For the reasons set forth above and pursuant to the bill of costs submitted by defendant on

22  March 13, 2023 (Doc. No. 38), plaintiff shall be taxed costs in the amount of $3,500.

23      IT IS SO ORDERED.

24  Dated:  **October 27, 2024**

25                                      DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE

5